# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-10889
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

COREY WILSON,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:23-CR-460-1

_____

Before JONES, RICHMAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Corey Wilson was convicted after a bench trial of two counts of possession of an unregistered machinegun. On appeal, he challenges the sufficiency of the evidence and argues that the statutory definition of "machinegun" underlying both counts is unconstitutionally vague.

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10889

Our sufficiency review is de novo but still "highly deferential to the verdict." *United States v. Cervantes*, 107 F.4th 459, 465 (5th Cir. 2024). The Government was required to prove on each count that Wilson knew a device he possessed "had the characteristics that brought it within the statutory definition of a machinegun." *Staples v. United States*, 511 U.S. 600, 602 (1994). Although Wilson contends it failed to do so, his arguments suggest only that the district court should have viewed the evidence differently. He does not establish that "any rational trier of fact" would have found insufficient evidence to convict. *Cervantes*, 107 F.4th at 465.

We consider Wilson's vagueness claim in light of the facts of this case. *See United States v. Uhlenbrock*, 125 F.4th 217, 224 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 2853 (2025). Wilson fails to show that he "could not have known" that devices he possessed had characteristics of machineguns; to the contrary, the Government proved he did have such knowledge. *United States v. Clark*, 582 F.3d 607, 614 (5th Cir. 2009). As Wilson's conduct was clearly proscribed, "he cannot complain of the vagueness of the law as applied to the conduct of others." *Uhlenbrock*, 125 F.4th at 224 (internal quotation marks and citation omitted).

Accordingly, we AFFIRM.